UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MARCOS MIRANDA-SANCHAEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:16-cv-0238-WTL-DKL |
| ) | |
| FLOYD COUNTY JAIL, *et al.*, ) | |
| ) | |
| Defendant. ) | |

**Entry Dismissing Complaint**

**I.**

The plaintiff's motion to proceed *in forma pauperis* [dkt. 2] is **denied** as presented. The plaintiff shall have **through July 29, 2016,** in which to either pay the $400.00 filing fee for this action or demonstrate that he lacks the financial ability to do so. If he seeks leave to proceed *in forma pauperis*, his request must be accompanied by a certificate of his inmate trust account (or institutional equivalent) during the 6-month period preceding the filing of the complaint on June 21, 2016.

**II. Screening**

Plaintiff Marcos Miranda-Sanchaez filed a civil rights action on June 21, 2016, alleging that his constitutional rights were violated by the defendants when he was assaulted in his jail cell by a confidential informant in retaliation for failing to provide information to the defendants regarding a drug ring and the cartel.

Because Mr. Miranda-Sanchaez is a "prisoner" as defined by 28 U.S.C. § 1915(h), a pre-trial detainee at the Floyd County Jail at the time of the incident, this Court has an obligation under 28 U.S.C. § 1915A to screen his complaint and must dismiss the complaint if it is frivolous or

malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleadings standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by Mr. Miranda-Sanchaez are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n. 2 (7th Cir. 2008). Mr. Miranda-Sanchaez brings civil rights claim against: 1) Floyd County Jail; 2) Deputies-Floyd County Jail; 3) Floyd County Sheriff; 4) Renn Patrick Joseph-Public Defender; 5) Keith Andrew Henderson-Prosecutor; and 6) James D. Sprinkle, inmate.

Mr. Miranda-Sanchaez claims are brought pursuant to 42 U.S.C. § 1983. A cause of action is provided by 42 U.S.C. § 1983 against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. Section 1983 is not itself a source of substantive rights; instead, it is a means for vindicating federal rights conferred elsewhere. *Graham v. Connor,* 490 U.S. 386, 393-94 (1989) (citing *Baker v. McCollan,* 443 U.S. 137, 144 n.3 (1979)). The initial step in any § 1983 analysis is to identify the specific constitutional right which was allegedly violated. *Id.* at 394; *Kernats v. O'Sullivan,* 35 F.3d 1171, 1175 (7th Cir. 1994); *see also Gossmeyer v. McDonald,* 128 F.3d 481, 489-90 (7th Cir.

1997). Here, Mr. Miranda-Sanchaez alleges violations of his rights under the Eighth Amendment for failure to protect and retaliation for failing to provide requested information to jail officials. He seeks monetary and injunctive relief.

### III. Insufficient Claims

First, as to each defendant, there is no suggestion of the personal participation in the alleged constitutional deprivation necessary to support a claim under § 1983. *Starzenski v. City of Elkhart*, 87 F.3d 872, 879 (7th Cir. 1996) ("'An individual cannot be held liable in a [42 U.S.C.] § 1983 action unless he caused or participated in [the] alleged constitutional deprivation.'")(*quoting Wolf-Lillie v. Sonquist,* 699 F.2d 864, 869 (7th Cir. 1983)); *see Sanville v. McCaughtry,* 266 F.3d 724, 734 (7th Cir. 2001) (discussing the requirement of a defendant's personal responsibility to support a viable claim under § 1983 and quoting the requirement of *Farmer v. Brennan,* 511 U.S. 825, 843-44 (1994), that an official be aware of facts supporting inference of substantial risk of harm and that he actually draw the inference). In the complaint, the plaintiff does not set forth any factual allegations from which the Court can conclude any of the named defendants personally participated in attacking the plaintiff or directing an attack of the plaintiff in his jail cell. In fact, the plaintiff does not name any individual that was responsible for the attack or for directing such attack. As such, the defendants are **dismissed** from this action and this complaint is **dismissed for failure to state a claim**.

### IV. Opportunity to File Amended Complaint

The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. Instead, the plaintiff shall have **through July 29, 2016,** in which **to file an amended complaint.**

In filing an amended complaint, the plaintiff shall conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); (b) the amended complaint must include a demand for the relief sought; (c) the amended complaint must identify what legal injury they claim to have suffered and what persons are responsible for each such legal injury; and (d) the amended complaint must include the case number referenced in the caption of this Entry. If an amended complaint is filed as directed above, it will be screened. If no amended complaint is filed, this action will be dismissed for the reasons set forth above.

The plaintiff is **notified** that *the amended complaint will completely replace and supersede the original complaint. Massey v. Helman,* 196 F.3d 727, 735 (7th Cir. 1999).

**The clerk is directed** to update the docket to reflect the dismissal of the defendants from this action.

**IT IS SO ORDERED**.

Date: 6/29/16

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**NOTE TO CLERK:  PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.**

Distribution:

Marcos Miranda-Sanchaez
#224102
Putnamville Correctional Facility
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135